UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TED DU FOUR, <br>    PLAINTIFF <br><br> V. <br> CITY OF CRETE, SERGEANT GARCIA, OFFICER KONVALINKA, OFFICER NICKEL-MCCRAY, & OFFICER FITZGERALD, <br>    DEFENDANTS | ) <br> ) <br> ) No. 19-CV-3520 <br> ) <br> ) Honorable Martha M. Pacold <br> ) <br> ) Magistrate Judge McShain <br> ) <br> ) JURY DEMAND <br> ) |

### FIRST AMENDED COMPLAINT

NOW COMES, PLAINTIFF, TED DU FOUR (hereinafter "PLAINTIFF DU FOUR")") by and through his attorneys The Law Office of CN Norris, LLC and The Law Office of Julian Johnson, LLC, complaining of DEFENDANT CITY OF CRETE, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY, and DEFENDANT OFFICER FITZGERALD and state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF DU FOUR is a resident of the State of Illinois, and of the United States.

3. DEFENDANT SERGEANT GARCIA is a resident of the State of Illinois, and of the United States.

4. DEFENDANT OFFICER KONVALINKA is a resident of the State of Illinois, and of the United States.

5. DEFENDANT OFFICER NICKEL-MCCRAY is a resident of the State of Illinois, and of the United States.

6. DEFENDANT OFFICER FITZGERALD is a resident of the State of Illinois and of the United States.

7. DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY, and DEFENDANT OFFICER FITZGERALD were at all relevant times hereto, were employed and acting on behalf of the DEFENDANT CITY OF CRETE Police Department.

8. DEFENDANT CITY OF CRETE is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF CRETE.

## FACTS

9. On May 25, 2018, the girlfriend of PLAINTIFF DU FOUR called the Crete Police Department after she had an argument with PLAINTIFF DU FOUR.

10. An Officer from the Crete Police Department told Plaintiff's girlfriend to come to the Crete Police Department and to bring her children

11. An officer from the Crete Police Department asked Plaintiff's girlfriend to sign a statement that said that PLAINTIFF DU FOUR struck her.

12. . PLAINTIFF DU FOUR did not strike his girlfriend.

13. Plaintiff's girlfriend attempted to leave the police station.

14. DEFENDANT OFFICER FITZGERALD told Plaintiff's girlfriend that if she did

not sign the statement he would immediately call DCFS to take her children.

15. DEFENDANT FITZGERALD disregarded Plaintiff's girlfriends attempts to leave the station and instead continued to pressure and threatened Plaintiff's girlfriend.

16. Due to the threat from Defendant OFFICER FITZGERALD, Plaintiff's girlfriend felt she had no choice but to sign the statement, even though it was not true.

17. The Plaintiff's girlfriend later recanted the statement.

18. On May 26, 2018, PLAINTIFF DU FOUR was at his home in Crete, Illinois.

19. On May 26, 2018, PLAINTIFF DU FOUR was at his home in Crete, IllinoisOn May 26, 2018, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, and DEFENDANT OFFICER NICKEL-MCCRAY arrived at the PLAINTIFF'S home.

20. DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, and DEFENDANT OFFICER NICKEL-MCCRAY did not have a warrant for PLAINTIFF DU FOUR'S arrest.

21. DEFENDANT SERGEANT GARCIA arrested PLAINTIFF DU FOUR.

22. DEFENDANT SERGEANT GARCIA arrested PLAINTIFF DU FOUR absent probable cause.

23. As DEFENDANT OFFICER KONVALINKA walked PLAINTIFF DU FOUR to the squad car.

24. DEFENDANT OFFICER KONVALINKA began to raise PLAINTIFF's DU FOUR's arms behind PLAINTIFF DU FOUR's back.

25. DEFENDANT OFFICER KONVALINKA struck PLAINTIFF DU FOUR on the back of the head.

26. DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY tackled PLAINTIFF DU FOUR to the ground.

27. When DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY tackled PLAINTIFF DU FOUR to the ground, PLAINTIFF DU FOUR suffered injuries.

28. The same day, DEFENDANT NICKEL-MCCRAY returned to PLAINTIFF DU FOUR'S home.

29. PLAINTIFF's DU FOUR's home is equipped with a video security system.

30. DEFENDANT NICKEL-MCCRAY told Plaintiff's girlfriend that DEFENDANT NICKEL-MCCRAY would need to enter the home because she left something there.

31. Once in the home, absent a legal basis DEFENDANT NICKEL-MCCRAY attempted to access PLAINTIFF DU FOUR'S home security system.

**COUNT 1**
**42 U.S.C. § 1983 – False Arrest Pursuant to the Fourth Amendment (PLAINTIFF DU FOUR Against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-McCRAY)**

1-31. PLAINTIFF DU FOUR incorporates paragraphs 1-31 as fully set forth above.

32. On May 25, 2019, DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY arrested, participated in, and/or caused the arrest of PLAINTIFF DU FOUR without probable cause to believe that PLAINTIFF DU FOUR had committed, was committing, or was going to commit any criminal act.

33. The conduct of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY violated the Fourth Amendment to the United States Constitution.

34. The actions of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER NICKEL-MCCRAY, caused PLAINTIFF DU FOUR to suffer, without limitation, physical injury, pain and suffering, humiliation, and emotional distress.

35. The actions of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY were the direct and proximate cause of PLAINTIFF DU FOUR's injuries sustained as a result of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY violations of PLAINTIFF DU FOUR's constitutional rights.

**WHEREFORE**, PLAINTIFF DU FOUR respectfully requests that this Court enter judgment in his favor and against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY and award compensatory damages, punitive damages, costs, and attorney's fees against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY as well as any other relief that this Court deems just and equitable.

**COUNT II**
**42 U.S.C. § 1983 – Excessive Force Pursuant to the Fourth Amendment (PLAINTIFF DU FOUR Against DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA**

1-35. PLAINTIFF DU FOUR incorporates paragraphs 1-35 as fully set forth above.

36. DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA actions in using unreasonable force unto PLAINTIFF DU FOUR amounted to excessive force in violation of the Fourth Amendment to the United States Constitution.

37. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above, and caused PLAINTIFF to suffer without limitation, physical injury, pain and suffering, humiliation, and emotional distress.

**WHEREFORE**, PLAINTIFF DU FOUR respectfully requests that this Court enter judgment in his favor and against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and award compensatory damages, punitive damages, costs, and attorney's fees against DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA as well as any other relief that this Court deems just and equitable.

## COUNT III
### False Arrest – Illinois State Law Claim
**(PLAINTIFF DU FOUR Against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL- MCCRAY)**

1-37. PLAINTIFF DU FOUR incorporates paragraphs 1-37 as fully set forth above.

38. DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY restrained PLAINTIFF DU FOUR absent reasonable grounds to believe that PLAINTIFF DU FOUR committed an offense.

39. The actions of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY were the direct and proximate cause of PLAINTIFF DU FOUR's injuries sustained as a result of DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY violations of PLAINTIFF DU FOUR's rights provided by Illinois law.

**WHEREFORE**, PLAINTIFF DU FOUR respectfully requests that this Court enter judgment in his favor and against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY and award compensatory damages, punitive damages, costs, and attorney's fees against DEFENDANT OFFICER KONVALINKA, DEFENDANT SERGEANT GARCIA, and DEFENDANT OFFICER NICKEL-MCCRAY as well as any other relief that this Court deems just and equitable.

**COUNT IV**
**42 U.S.C. § 1983 – Unlawful Search Pursuant to the Fourth Amendment**
**(PLAINTIFF DU FOUR against DEFENDANT NICKEL-MCCRAY**

1-39. PLAINTIFF DU FOUR incorporates paragraphs 1-39 as fully set forth above.

40. PLAINTIFF DU FOUR had a reasonable expectation of privacy within his home.

41. Particularly, PLAINTIFF DU FOUR had a reasonable expectation of privacy in regard to his home video security system.

42. DEFENDANT OFFICER NICKEL-MCCRAY entered PLAINTIFF DU FOUR's home under false pretenses.

43. Without a valid legal basis, DEFENDANT OFFICER-NICKEL-MCCRAY attempted to access PLAINTIFF DU FOUR's home video security system in violation of PLAINTIFF DU FOUR's rights under the Fourth Amendment to the United States Constitution.

**WHEREFORE**, PLAINTIFF DU FOUR respectfully requests that this Court enter judgment in his favor and against DEFENDANT OFFICER NICKEL-MCCRAY and award compensatory damages, punitive damages, costs, and attorney's fees against DEFENDANT OFFICER NICKEL-MCCRAY as well as any other relief that this Court deems just and equitable.

**COUNT V**
**State Law Battery Claim**
**PLAINTIFF DU FOUR Against DEFENDANT OFFICER KONVALINKA AND DEFENDANT SERGEANT GARCIA**

1-43. PLAINTIFF re-alleges paragraph 1-43 as fully set forth above.

44. DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA, as alleged above, battered Plaintiff by harmfully applying force to his body without legal justification.

45. The actions of DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA were the direct and proximate cause of PLAINTIFF DU FOUR'S injuries.

**WHEREFORE**, PLAINTIFF DU FOUR respectfully requests that this Court enter judgment in his favor against DEFENDANT OFFICER KONVALINKA and DEFENDANT SERGEANT GARCIA and award compensatory damages, punitive damages, attorneys fees, as well as any other relief that this Court deems just and equitable

**COUNT VI – 42 U.S.C. § 1983 Unlawful Pretrial Detention:**
**(PLAINTIFF DU FOUR Against DEFENDANT FITZGERALD)**

1-45. PLAINTIFF re-alleges paragraph 1-45 as fully set forth above.

46. DEFENDANT OFFICER FITZGERALD signed a criminal complaint against PLAINTIFF DU FOUR accusing Plaintiff of criminal charges.

47. DEFENDANT OFFICER FITZGERALD knew these charges to be false.

48. DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY alleged that PLAINTIFF DU FOUR committed misconduct that DEFENDANT SERGEANT GARCIA used as the basis to

sign a criminal complaint against PLAINTIFF DU FOUR supporting the criminal charges associated with Plaintiff's criminal conduct.

49. DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY knew these charges to be false.

50. Due to the false allegations of DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY, the false criminal charges against the Plaintiff were approved by an independent fact finder and he was detained without probable cause from May 25, 2018 to May 29, 2018.

51. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

52. As outlined above, DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY caused Plaintiff to be detained without probable cause from May 25, 2018 to May 29, 2018 in violation of Plaintiff's Fourth Amendment and Fourteenth Amendment rights.

53. The misconduct of Defendants DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY as outlined above proximately caused injury to PLAINTIFF DU FOUR, including but not limited to, emotional pain and suffering, lost wages, attorney's fees, and commissary money.

**WHEREFORE** PLAINTIFF DU FOUR, prays for judgment against DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER

KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY for reasonable compensatory damages, punitive damages, plus attorney's fees and costs.

### COUNT VII – Malicious Prosecution
### Pursuant to Illinois State Law
### (Against All Defendants)

1-53. PLAINTIFF re-alleges paragraph 1-53 as fully set forth above.

54. DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY and the CITY OF CRETE proceeded with the charges knowing they were false.

55. PLAINTIFF DU FOUR retained an attorney and had to litigate the matter.

56. The Defendant's actions were intentional, willful and wanton.

57. PLAINTIFF DU FOUR was found not guilty of all charges brought against him at a trial on May 5, 2021 and thereby resolved in his favor.

58. As a result of the actions of the Defendants, the Plaintiff suffered fear, emotional distress, anxiety and monetary expenses.

**WHEREFORE**, the Plaintiff, PLAINTIFF DU FOUR , prays for judgment in his favor and against DEFENDANT OFFICER FITZGERALD, DEFENDANT SERGEANT GARCIA, DEFENDANT OFFICER KONVALINKA, DEFENDANT OFFICER NICKEL-MCCRAY, and THE CITY OF CRETE for a reasonable amount in compensatory damages, punitive damages, plus costs.

### COUNT VIII
### 745 ILCS 10/9-102 Claim
### PLAINTIFF DU FOUR Against DEFENDANT CITY OF CRETE

1-58. PLAINTIFFS incorporate paragraph 1- 58 as fully set forth above.

59. The DEFENDANT OFFICERS committed the acts alleged above under the color of law, while on duty, and in the scope of their employment by the DEFENDANT CITY OF CRETE.

WHEREFORE, should any of the DEFENDANT OFFICERS be found liable for any of the claims alleged in this Complaint, PLAINTIFF DU FOUR demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF CRETE pay to PLAINTIFF DU FOUR any judgment obtained against the DEFENDANT OFFICERS as a result of this action.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*
**(PLAINTIFF DU FOUR Against DEFENDANT CITY OF CRETE)**

1-59. PLAINTIFFS incorporate paragraphs 1-59 as fully set forth above.

60. The aforesaid acts of the DEFENDANT CITY OF CRETE officers were committed in the scope of their employment as police officers and, therefore, the DEFENDANT CITY OF CRETE, as principal, is liable for the actions against its agents under the doctrine of *respondeat superior*.

WHEREFORE, should any of the DEFENDANTS OFFICERS be found liable for the claims alleged in this Complaint, PLAINTIFF DU FOUR demands judgment against DEFENDANT CITY OF CRETE and such other additional relief that this Court deems equitable and just.

## JURY DEMAND

PLAINTIFF demands a trial by jury.

Respectfully submitted,

/s/ Brian Orozco
One of Plaintiff's Attorneys

The Law Office of C.N. Norris, LLC
900 West Jackson, Suite 7E
Chicago, Illinois, 60607